## STEVENSON *vs.* SHIELDS.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where a partnership is composed of several partners, and by the articles of agreement, one of them is to be a silent partner, the others cannot, by mutual consent, before its expiration, dissolve the partnership, without the consent of the silent partner,

Where a partner sues the acceptor of a bill, endorsed by the payee to the partnership firm, and the plaintiff sues in his own name, for the use of the firm, which he alleges, is composed of himself and another, but is dissolved by mutual consent, and it appears by the articles of partnership, there was a silent partner, who had not consented to the dissolution: *Held*, that the action cannot be maintained, because the interest of the silent partner in the bill, by the endorsement to the firm of which he was a member, could not be divested without his consent.

The moment a bill of exchange is endorsed, by the payee, to a partnership firm, it becomes the joint property of all the partners.

This is an action against the acceptor of a bill of exchange, for one thousand eight hundred and seventy-six dollars, drawn by one Page, a silent partner of the firm, in behalf of which the plaintiff sues.

The plaintiff sues for the use of the late firm of J. G. Stevenson & Co., which he alleges, was composed of himself and one M'Carty, and had been dissolved by mutual consent.

The defendant pleaded a general denial.

The articles of partnership, which were produced in evidence, showed that the firm of John G. Stevenson, & Co., was composed of J. G. Stevenson, P. M'Carty and S. K. Page, the latter a silent partner. The notice of dissolution showed it was made before the partnership expired by its own limitation, and *without* the consent of the silent partner. The bill of exchange sued on, was endorsed by the payee to the *firm* of J. G. Stevenson & Co.

55

The district judge, after examining the evidence of the case, was of opinion, the firm of Stevenson & Co. had not proved property in the bill, or shown they paid a valuable consideration therefor: gave judgment of non-suit. The plaintiff appealed.

*Sterrett*, for the plaintiff.

1. It was not necessary to prove ownership of the bill . sued on, as it is endorsed to the firm, in behalf of which the plaintiff sues, and because the ownership was not specially denied, and the possession is not alleged to be illegal.

2. It was not necessary to show the consideration which was paid for the bill, as it is not specially denied or pleaded.

3. The plea of payment set up on the trial, comes too late, and cannot avail.   There is no evidence of payment to either of the ostensible partners of said firm.

*Worthington, contra.*

*Bullard, J.*, delivered the opinion of the court.

The plaintiff sues in his own name, for the use of the late firm of J. G. Stevenson & Co., composed of himself and P. M'Carty, upon a bill, of exchange, drawn upon the defendant, by him accepted, and protested for non-payment, at its maturity.

The defence set up in the answer, is that the defendant is not liable, in the manner and form stated in the petition, and that the plaintiff exhibits no right or title to maintain the action.

Where a partnership is composed of several partners, and by the articles of agreement one of them is to be a silent partner, the others cannot by mutual consent, before its expiration, dissolve the partnership without the consent of the silent partner.

The bill was drawn by page, payable to the order of Commayer, and by him endorsed in full to John G. Stevenson & Co. We leave out of view the subsequent endorsement to Sprague, cashier, because it is not an endorsement by Stevenson & Co., but by J. G. Stevenson alone.

The view which we have taken of the right of the plaintiff, to maintain the present action, according to the conditions of the partnership, and its subsequent alleged dissolution by mutual consent, renders it unnecessary to

examine other questions, raised in the argument, and the several grounds filed, upon which the appellant seeks to reverse the judgment of non-suit, rendered below.

The articles of partnership are signed by Stevenson, M'Carty and Page, and the style of the firm composed of those three partners, is declared to be J. G. Stevenson & Co. They agree upon a division of profits, in different proportions, between the three partners, and the firm was to continue until the 1st of July, 1834, unless sooner dissolved by mutual consent. By the seventh article, it was provided, that Page should have "the privilege of being a silent partner in the firm; he will not be required to direct his attention *openly*, to the business in New-Orleans, but he will, during his absence from, as well as during his residence in the city, do all in his power to procure business, that may be considered profitable to the firm," &c.

Page was, in the opinion of the court, a partner, without whose consent the firm could not be dissolved, before the time limited by the agreement. The notice of dissolution adduced in evidence, is signed only by the two other partners. The interest of Page in the bill of exchange, under the endorsement to J. G. Stevenson & Co., could not be divested without his consent, and accrue, as alleged by the plaintiff, to the conclusive benefit of Stevenson and M'Carty, although Page himself, in his individual capacity, was the drawer of the bill. The moment it was endorsed to the firm, it became the joint property of all the partners.

The plaintiff does not, therefore, show a right, either in himself, or those for whose use he sues, to recover the amount of the acceptance.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

EASTERN DIST.
*December*, 1834.

STEVENSON
*vs.*
SHIELDS.

Where a partner sues the acceptor of a bill endorsed by the payee to the partnership firm, and the plaintiff sues in his own name for the use of the firm, which he alleges is composed of himself and another, but is dissolved by mutual consent, and it appears by the articles of partnership there was a silent partner who had not consented to the dissolution: *Held*, that the action cannot be maintained, because the interest of the silent partner in the bill by the endorsement to the firm of which he was a member could not be divested without his consent.

The moment a bill of exchange is endorsed by the payee, to a partnership firm, it becomes the joint property of all the partners.